IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>STOCK BUILDING SUPPLY, LLC,<br>Respondent. | 5:14-CV-475-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>CURENTON CONCRETE WORKS, INC.,<br>Respondent. | 5:14-CV-515-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>WATERPROOF SPECIALTIES, INC.,<br>Respondent. | 5:14-CV-524-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>STOCK BUILDING SUPPLY, LLC,<br>Respondent. | 5:14-CV-537-BR |

ORDER

This matter is before the court on Weaver Cooke Construction, LLC's motions for leave to appeal interlocutory orders of United States Bankruptcy Judge Stephani W. Humrickhouse. The respondents have filed responses to each motion.

**I. BACKGROUND**

The underlying bankruptcy case involves a dispute between more than twenty parties arising out of a real estate development project in New Bern, North Carolina. (Case No. 09-10340-8-SWH; Adversary Proceeding No. 10-00023-8-SWH). Relevant to the instant motion is the relationship between Weaver Cooke Construction, LLC ("Weaver Cooke"), the project's general contractor, and three of its subcontractors: Stock Building Supply, LLC ("Stock"), Curenton Concrete Works, Inc. ("Curenton"), and Waterproof Specialties, Inc. ("WSI"). Stock, Curenton, and WSI all provided subcontracting services that allegedly contributed to water intrusion problems that the project suffered.

In March of 2009, the project developer commenced an action against Weaver Cooke, along with several other defendants, in Wake County Superior Court to recover for the alleged construction deficiencies. In November of 2009, the developer filed for bankruptcy under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of North Carolina. The state action was subsequently removed to the United States District Court for the Eastern District of North Carolina, then transferred to the bankruptcy court.

Weaver Cooke filed an answer and third-party complaint in May of 2010, but did not name any subcontractors as third-party defendants. In June of 2012, Weaver Cooke filed a second third-party complaint, this time naming Stock, Curenton, and WSI, among others, as

third-party defendants, asserting claims of negligence, breach of express warranty, and contractual indemnity.  Stock, Curenton, and WSI filed motions for summary judgment as to all three of Weaver Cooke's causes of action.  In separate orders, the bankruptcy court granted Stock's, Curenton's, and WSI's motions as to the negligence and breach of warranty claims based on the statute of limitations, but it reserved ruling on the contractual indemnity claims.  Subsequently, the bankruptcy court granted Stock's motion for summary judgment on the contractual indemnity claims, dismissing Stock completely from the underlying adversary proceeding in the bankruptcy court.

Weaver Cooke now seeks leave from this court, pursuant to 28 U.S.C. § 158(a)(3), to appeal the bankruptcy court's interlocutory summary judgment orders outlined above.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy courts, with leave of court, pursuant to 28 U.S.C. § 158(a)(3).  Under section 158(c), bankruptcy appeals are to "be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 USC § 158(c)(2).  Thus, "courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996) (citations omitted).  Under this standard, courts apply a two-prong test: a district court will grant leave to appeal when 1) the interlocutory order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and 2) immediate appeal would materially advance the termination of litigation.  See id.; North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995).  The

3

movant must satisfy both prongs, KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., 250 B.R. 74, 79 (E.D. Va. 2000), and must additionally show "'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" id. at 78 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)). Further, "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." James v. Jacobson, 6 F.3d 233, 237 (4th Cir. 1993).

In a motion for leave to appeal an interlocutory order, a party must state "the precise nature of the controlling question of law involved." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989). The Fourth Circuit has interpreted "controlling question of law" to mean "a narrow question of pure law whose resolution will be completely dispositive of the litigation . . . ." Id. at *5; see also Univ. of Va. Patent Found. v. General Elec. Co., 792 F. Supp. 2d 904, 910 (W.D. Va. 2011). This inquiry often blends with the second prong of the test concerning the potential for materially advancing litigation. See North Carolian ex rel. Howes, 889 F. Supp. at 852. An appeal that would require the court to delve into the facts of the case is not well-suited for interlocutory review. See Long v. CPI Sec. Sys., Inc., No. 3:12-cv-396, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (stating that a controlling question of law is one which an appeals court can "decide cleanly and quickly"). Generally, no controlling question of law is implicated when an appeal "'turns on whether there is a genuine issue of fact or whether the district [court] properly applied settled law to the facts or evidence of a particular case.'" Clark Const. Grp., Inc. v. Allglass Sys., Inc., No. Civ. A. DKC 2002-1590, 2005 WL 736606, at *2 (D. Md. Mar. 30, 2005) (quoting McFarlin v. Conseco Servs., LLC, 381

4

F.3d 1251, 1258 (11th Cir. 2004)). As the Fourth Circuit has noted, "Even when the question is the supposed question of law whether there are any genuine issues of material fact that preclude grant of summary judgment, it seems better to keep courts of appeals aloof from interlocutory embroilment in such factual details." Fannin, 1989 WL 42583, at *5 (internal citations omitted).

### III. DISCUSSION

A.  Weaver Cooke's negligence and breach of warranty claims against Stock, Curenton, and WSI

When parties dispute the appropriate statute of limitations to apply, a controlling question of law exists. See United States ex rel. Yanity v. J&B Med. Supply Co., No. 08-11825, 2013 WL 607827, at *1 (E.D. Mich. Feb. 19, 2013) (finding a controlling question of law where parties disputed whether a three-year or ninety-day statute of limitations applied); United States ex rel. Wilson v. Graham Cnty. Soil & Water Conservation Dist., 224 F. Supp. 2d 1042, 1051 (W.D.N.C. 2002) (subsequent history omitted) (determining that whether a three-year or six-year statute of limitations applied was a controlling question of law). However, no controlling question of law is implicated when parties agree on the applicable statue of limitations, but they contest the court's application of the statute to the facts. See Benfield v. Mocatta Metals Corp., No. 91 Civ. 8255, 1993 WL 148978, at *7 (S.D.N.Y. May 5, 1993). In Benfield, the parties agreed that a two-year statute of limitations applied and that it "[began] to run when the plaintiff either acquire[d] actual knowledge of the facts that comprise[d] his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice." Id. (internal quotation and citation omitted). The court held that a determination of "when the statue of limitations accrued based on the particular facts alleged in the complaint . . . does not involve a controlling question of law which should be

certified on appeal." Id.

In the orders granting summary judgment to Stock, Curenton, and WSI on Weaver Cooke's negligence and breach of warranty claims, the bankruptcy court applied the three-year statute of limitations set out in North Carolina General Statute § 1-52. In support of the instant motions, Weaver Cooke does not suggest that the bankruptcy court erred in determining the applicable statute of limitations. Rather, it seeks to challenge the finding that there was no genuine dispute of material fact that in each case the statute of limitations accrued at least three years before Weaver Cooke filed its second third-party complaint. The court finds that the statute of limitations issue in this proceeding is not a controlling question of law. This is not a question of pure law, but instead one that would require this court to study the record to determine if there were sufficient, non-disputed facts to justify the bankruptcy court's findings. The court will not, via an interlocutory appeal, examine the bankruptcy court's application of the settled law to the facts of the case.

      **B.**    **Weaver Cooke's contractual indemnity claim against Stock**

In a subsequent order, the bankruptcy court granted Stock's summary judgment motion regarding Weaver Cooke's contractual indemnity claim. North Carolina General Statute § 22B-1 prohibits contract clauses that require the promisor to indemnify the promisee for damage "proximately caused by or resulting from the negligence, in whole or in part, of the promisee, its independent contractors, agents, employees, or indemnitees . . . ." The bankruptcy court found that the language of the indemnity clause in the parties' contract violated § 22B-1 because it could be read to require Stock to indemnify Weaver Cooke for Weaver Cooke's own negligence. The court then "blue-penciled" the clause by removing the offending language. Under the

6

revised indemnity provision, Stock would be required to indemnify Weaver Cooke only for damages caused *wholly* by Stock or its agents and employees.  Examining the record, the bankruptcy court found that at least four different subcontractors allegedly contributed to the water intrusion problem and that there is evidence that Weaver Cooke itself contributed to that problem.  Thus, the court concluded, there was no genuine dispute of material fact that under the narrow language of the revised indemnity clause, Stock was not required to indemnify Weaver Cooke for the defects complained of.

Weaver Cooke again makes the general assertion that an interlocutory appeal of the bankruptcy court's finding presents a controlling question of law because the issue would materially affect the outcome of the litigation.  An interlocutory appeal is especially appropriate here, it argues, because the bankruptcy court explicitly noted that it would apply the same legal analysis to Weaver Cooke's indemnity claims against other third-party defendants.  While this is certainly one consideration in determining whether a "controlling question of law" exists, Weaver Cooke fails to recognize that it is insufficient to justify an immediate appeal.  See Harriscom Svenska AB, 947 F.2d at 631.  Specifically, Weaver Cooke has failed to show that the appeal presents "a narrow question of pure law [to which there is substantial ground for difference of opinion] whose resolution will be completely dispositive of the litigation . . . ." Fannin, 1989 WL 42583, at *5.

Weaver Cooke presents no evidence of disagreement among courts about whether § 22B-1 prohibits contract clauses that indemnify promisees for their own negligence.  Based upon a plain reading of the statute, the bankruptcy court found the contractual provision at issue unlawful.  After excising the offending provision, the court interpreted the revised indemnity

7

clause and found that, based upon the specific facts of the case, there was no dispute of material fact that Stock would not be required to indemnify Weaver Cooke. Whether the bankruptcy court erred in its interpretation of the revised indemnity clause is not a controlling question of law. See Ahrenholz v. Bd. of Trs. of Univ. of Illinois, 219 F.3d 674, 676 (7th Cir. 2000) ("[T]he question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind . . . ."); Maxtena, Inc. v. Marks, No. DKC 11-0945, 2014 WL 4384551, at *6 (D. Md. Sept. 2, 2014) ("[A] question of contract interpretation . . . is inappropriate to invoke the extraordinary remedy of early appellate review."); Aristrocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) ("[A] question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal."). Thus, whether the bankruptcy court rightly interpreted the revised indemnity provision in granting summary judgment is not an appropriate question for interlocutory review.

## IV. CONCLUSION

For the foregoing reasons, Weaver Cooke's motions for leave to appeal are DENIED. This 16 October 2014.

_____
W. Earl Britt
Senior U.S. District Judge

8

Case 5:14-cv-00475-BR   Document 17   Filed 10/16/14   Page 8 of 8